PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HEYDEN, | ) | |
| | ) | CASE NO. 5:13CV1706 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MORTON SALT, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 6] |

Pending is Plaintiff's Motion to Remand to State Court (ECF No. 6). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court will deny the motion.

On July 9, 2013, Plaintiff filed a six-count Complaint (ECF No. 1-2 at PageID #: 9-15) against Defendants Morton Salt, Inc. and Alex Isaiah in the Wayne County, Ohio Court of Common Pleas, being Case No. 13-CV-0378. Defendants removed the case to this Court on August 7, 2013, on the basis of federal question jurisdiction. *See* Defendants' Notice of Removal (ECF No. 1 at ¶ 2(g)); Civil Cover Sheet (ECF No. 1-1 at § II).

Plaintiff now moves the Court to remand this matter back to the Wayne County Common Pleas Court for lack of complete diversity of citizenship because Plaintiff is a co-citizen of Defendant Alex Isaiah.

Federal courts are courts of limited jurisdiction. For a federal court to have jurisdiction over a case, "[t]he Constitution must have given to the court the capacity to take it, and an act of

(5:13CV1706)

Congress must have supplied it." Mayor v. Cooper, 73 U.S. (6 Wall.) 247, 252 (1867)). Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The federal question must appear on the face of the plaintiff's well-pleaded complaint.  Paul v. Kaiser Found. Health Plan of Ohio, 701 F.3d 514, 518 (6th Cir. 2012).  When a case raising a federal question is filed in state court, the defendant may remove it to federal court if the case could have been filed in federal court.  Caterpillar, 482 U.S. at 392.

Plaintiff is a member of the United Steelworkers, AFL-CIO-CLC and its Local No. 12081 (the "Union"), and the terms and conditions of his employment are governed by a collective bargaining agreement ("CBA") between Morton Salt and the Union.[1]  See ECF No. 1-2 at ¶ 3. According to Defendants, the alleged adverse employment actions were issued to Plaintiff in accordance with the CBA.  Thus, based upon a plain reading of the Complaint (ECF No. 1-2), resolution of Plaintiff's claims invariably require interpretation of the provisions of the CBA to determine what rights, if any, Plaintiff had with regard to the harm alleged and what obligations existed pursuant to the CBA.  As such, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, governs this action.  DeCoe v. GMC, 32 F.3d 212, 216 (6th Cir. 1994).

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions arising under § 301 of the LMRA, without regard to the citizenship of the parties or the amount

---

[1] ECF No. 1-3.

(5:13CV1706)

in controversy. While the state courts have concurrent jurisdiction over § 301 claims, *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502 (1962), Defendants in the case at bar properly removed this action to this Court pursuant to the provisions of 28 U.S.C. § 1441. *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004); *Dobrski v. Ford Motor Co.*, 698 F. Supp.2d 966, 986 (N.D. Ohio 2010) (O'Malley, J.); *Went v. Lafarge Corp.*, 136 F. Supp.2d 741, 743 (N.D. Ohio 2001) (Economus, J.).

   Accordingly, Plaintiff's Motion to Remand to State Court (ECF No. 6) is denied. Lead counsel of record and the parties are reminded that this case is set for a Case Management Conference on Wednesday, September 25, 2013 at 1:00 p.m. *See* Case Management Conference Scheduling Order (ECF No. 5).

   IT IS SO ORDERED.

| | |
|---|---|
|  September 23, 2013 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |